NOURSE (GREER v.). See Case No. 5,793.

NOURSE (UNITED STATES v.). See Case No. 15,901.

## Case No. 10,368.

### The NOVELTY.

[9 Ben. 195.] [1]

District Court, E. D. New York. July, 1877.

#### CUSTODY OF VESSEL—NECESSARY EXPENSES.

The expense of dockage of a vessel, which was seized by the marshal while she was on a marine railway from which she could not be removed without danger of sinking, is not a disbursement which is limited by the provision of section 829, Rev. St. allowing the marshal $2.50 a day for the necessary expenses of keeping boats or vessels; but a reasonable bill for such dockage may be paid by him and is chargeable upon the property saved thereby.

In admiralty.

D. & T. McMahon, for libellant.

C. A. Hand, for claimant.

Owen & Gray, for the owner of the railway.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. On the 27th day of February, 1877, the marshal received process in rem issued in this action, directing him to seize and safely keep the steamboat Novelty. That vessel was, at the time the process was issued, lying upon a marine railway, and she was there duly seized by the marshal under the process issued to him. It appears that the steamboat had been sunk off Staten Island, and had been raised by the Coast Wrecking Company and placed by them upon the dock, where she was seized by the marshal in this action. The vessel was in bad condition, and if removed from the dock without repairs would have sunk again.

The marshal received no other instructions than that contained in his process, and there was nothing for him to do but to keep the vessel upon the dock where he found her, for he had no funds in his hands to expend in repairs nor any authority to make repairs, and he could not remove the boat from the dock without danger of her destruction. Under such circumstances I see no other way but for him to pay whatever is proved to be a reasonable and proper sum for the use of the dock while the boat was in his custody. Section 829, Rev. St., has no relation to expenses of preserving a ship such as are here in question. Expenses like these may be allowed to be made when necessary, and are chargeable upon the property saved.

It has been shown that the bill presented is fair, and no witness is called to deny its correctness. I am of the opinion, therefore, that if paid by the marshal it may be taxed by him as a necessary item of the expense of preserving the vessel while in his custody. If the charge for raising the vessel is included in the bill, that I think should not be paid by the marshal, because the boat was not raised from the dock while in the marshal's custody.

It is to be regretted that the parties interested in this boat permitted her to remain upon the dock until a bill for dockage equal to her value had been incurred, when timely application for her sale as perishable would have saved the greater part of the expense. For this unfortunate result the parties who lose thereby are alone responsible, because although aware of the position of the boat they made no effort to save the expense. There may, however, be no hardship, as it would seem from the result that this vessel when proceeded against was worth little or nothing above the necessary expenses attendant upon her removal from the place where she lay. If this be the case, there may be reason for the course adopted, as if successful it would have resulted in giving to these libellants the benefit of the use of the marine railway without compensation, and if unsuccessful there would be nothing lost.